# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

RUSSELL DORRIS; IBBIE DORRIS                                     PLAINTIFFS

v.                                     CAUSE NO. 3:12-CV-168-CWR-LRA

REPUBLIC UNDERWRITERS                                   DEFENDANTS
INSURANCE COMPANY;
CRAWFORD & COMPANY

## ORDER

Before the Court is Crawford & Company's motion to dismiss. Docket No. 8. The motion is fully briefed, *see* Docket Nos. 14-15 and 18, and ready for review. After reviewing the pleadings, arguments, and applicable law, the motion to dismiss will be denied.

I.    *Factual and Procedural History*

In 2010, the plaintiffs' Brandon, Mississippi home sustained fire damage. Docket No. 1-2, at 2. In 2012, they filed suit in state court against their homeowners insurance company, Republic Underwriters Insurance Company, alleging that it had failed "to thoroughly investigate and estimate the damages" and failed to fully pay their claim. *Id.* at 1 and 4. The specific counts against Republic were breach of contract, gross negligence, breach of the implied duty of good faith and fair dealing, and negligent infliction of emotional distress. *Id.* at 3-7. The plaintiffs also sued Crawford & Company, which adjusted the claim, for gross negligence and negligent infliction of emotional distress. *Id.* at 4-7. They sought compensatory and punitive damages, among other relief. *Id.* at 7-8.

The defendants timely removed the suit to this Court, invoking diversity jurisdiction. Docket No. 1. Republic also counterclaimed to seek a declaratory judgment that its actions were proper, that the plaintiffs had breached their obligations, and that the plaintiffs were not entitled to any recovery under the policy. Docket No. 6, at 22.

II.    *Present Arguments*

Crawford's motion to dismiss argues that the complaint alleged simple negligence at best, which is insufficient since adjusters are liable only for grossly negligent acts relating to their work on a claim. Docket No. 9, at 5-6. "Plaintiffs have attempted to pin liability on the adjuster simply because they dispute the findings of the investigation and the determination of covered damages,

but these purported actions cannot in any way be considered gross negligence, reckless, or malicious." *Id.* at 6. Crawford then explains why it cannot be held liable for the alleged gross under-evaluation of damages or failure to consult with the plaintiffs. *Id.* at 6-8.

In response, the plaintiffs have filed an amended complaint which adds facts that arguably bolster a gross negligence claim. Docket Nos. 14-16. They claim that their facts are distinguishable from the cases Crawford has cited in support of its motion to dismiss. Docket No. 15, at 4-5.

Crawford's rebuttal denies that the first amended complaint has fixed the problem, asserting that "the Plaintiffs have described no facts (because none exist) showing that Crawford acted independently of its position as agent for Republic in some grossly negligent or malicious way toward the Dorrises, and instead have focused, wrongfully, on Crawford's actions *as the agent of Republic*." Docket No. 18, at 2. It argues that Republic is the only proper party to defend the plaintiffs' gross negligence claim because it owed the plaintiffs the duties in question. *Id.* at 4 and 6. Separately, and in response to the first amended complaint, Republic re-urged its counterclaim. Docket No. 20.

III.  *Standard of Review*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith*

*v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

IV.   *Discussion*

Under Mississippi law, "[a]n adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim." *Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991) (citation omitted). But "an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection its work on a claim." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004). Rather, "[s]uch an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." *Id.*

Examined against this standard, the plaintiffs have stated a claim for gross negligence against Crawford. Their first amended complaint alleged that the adjuster made one inspection, failed to communicate with the plaintiffs, failed to communicate with the plaintiffs' contractor, and "under-evaluated the extent and quantum of the loss to an unrealistic degree," when it could have declared the dwelling a total loss after a simple walk-through inspection. Docket No. 16, at 5-6. The plaintiffs further alleged that when they objected to the original assessment, Crawford "increased its evaluation of the loss without additional investigation or material change in condition of the property, thereby admitting its failure from the outset to accurately adjust the claim." *Id.* at 6. The failure "to provide documented support for its ultimate re-evaluation of the loss reflects gross incompetence and lack of concern for the rights of the Plaintiffs." *Id.*

Accepting these allegations as true and making reasonable inferences in the plaintiffs' favor, as the Court must at this stage, the plaintiffs have sufficiently stated a gross negligence claim against Crawford for breaching its "duty to investigate all relevant information and . . . make a realistic evaluation of a claim." *Bass*, 581 So. 2d at 1090.

Crawford's reliance upon a prior decision of this Court, *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F. Supp. 2d 772 (S.D. Miss. 2006), is not persuasive. In *Rogers*, this Court dismissed a gross negligence claim against an adjuster after concluding that the plaintiffs' allegations were conclusory, non-specific, and ultimately based solely upon the adjuster's requests for documentation

and delay in adjusting a loss. *Id.* at 777. To the extent the plaintiffs had been specific, though, they complained that the insurance adjuster had done too much investigating. *See id.* ("[the adjuster] required the Plaintiffs to submit additional qualifying tasks, including but not limited to allowing Nationwide to inspect the property on numerous occasions; supplying financial information, including income records, tax returns, bank account records, credit card statements, mortgage payments, etc., covering a period of three years; and submitting to statements under oath.") (quotation marks omitted). That did not amount to gross negligence because "[a]n adjuster has a duty to investigate all relevant information." *Bass*, 581 So. 2d at 1090.

In contrast, in our case the plaintiffs have provided specific allegations to support their claim that the adjuster's investigation was substantially lacking and that its ultimate conclusion was grossly unrealistic of the actual loss. That adequately states a claim for breach of the adjuster's "duty to investigate all relevant information and . . . make a realistic evaluation of a claim." *Id.*

The remainder of Crawford's briefing does not show its entitlement to relief. Another part of Crawford's argument, for example, cites *McFarland v. Utica Fire Ins. Co.*, 814 F. Supp. 518, 521 (S.D. Miss. 1992). Docket Nos. 9, at 4; 18, at 2-4. That case is not directly on point because it discussed liability of an insurance agent, not an adjuster. Similarly, a section of Crawford's rebuttal suggests that it may have conflated the insurer's duty to evaluate a claim with the adjuster's duty to make a realistic evaluation of the claim, even though the duties are not identical and are owed by different parties. Docket No. 18, at 4; *Murphree v. Fed. Ins. Co.*, 707 So. 2d 523, 531 (Miss. 1997) (describing insurer's "duty to investigate promptly and adequately an insured's claim"); *Bass*, 581 So. 2d at 1090 (describing duties of adjuster). *Compare* Jeffrey Jackson, Mississippi Insurance Law and Practice § 5:14 (2011) (discussing gross negligence claims against adjusters) *with id.* §§ 10:2 and 10:3 (describing insurer's duty to adequately investigate and evaluate claims). Accepting Crawford's argument would make an insurer liable for all of an adjuster's grossly negligent acts done in connection with a claim, when that outcome is not directed by Mississippi law.

As a final matter, the denial of Crawford's motion to dismiss says nothing about the plaintiffs' ability to succeed on the merits of their claim at trial. It can be difficult to prove gross negligence in these cases. *E.g.*, *Jeffcoat*, 887 So. 2d at 784-85. At this stage, however, this Court has no "license to look behind [a plaintiff's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Huggins Realty*, 634 F.3d at 803 n.44. Ultimately,

a jury may have to examine the evidence "to determine if there existed a gross and reckless disregard for the [plaintiffs'] rights." *Fonte v. Audubon Ins. Co.*, 8 So. 3d 161, 168 (Miss. 2009). Accordingly, the motion will be denied.

V.   *Conclusion*

The motion to dismiss is denied.

**SO ORDERED**, this the 9th day of August, 2012.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE